IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' WELFARE FUND, CENTRAL LABORERS' ANNUITY FUND, ILLINOIS LABORERS' & CONTRACTORS TRAINING PROGRAM, MIDWEST REGION FOUNDATION FOR FAIR CONTRACTING, ILLINOIS VALLEY LABOR MANAGEMENT, LABORERS-EMPLOYERS COOPERATION & EDUCATION TRUST, LABORERS' LOCAL 165, LABORERS' LOCAL 165 BUILDING FUND, NORTH CENTRAL ILLINOIS LABORERS HEALTH & WELFARE FUND, LABORERS' OF ILLINOIS VACATION FUND, LABORERS LOCAL 393, ILLINOIS LABORERS' LEGISLATIVE COMMITTEE AND MIDWEST REGION ORGANIZING COMMITTEE, <br><br>          Plaintiffs, <br><br>    vs. <br><br> DURDEL & SONS LANDSCAPING & TREE SERVICE, INC., <br><br>          Defendant. | No. |

## COMPLAINT

NOW COME Plaintiffs, CENTRAL LABORERS' PENSION FUND *et al.*, by and through its attorneys, Cavanagh & O'Hara LLP, complaining of the Defendant, DURDEL & SONS LANDSCAPING & TREE SERVICE, INC., and allege as follows:

### COUNT I
### DELINQUENT CONTRIBUTIONS/COMPEL PAYROLL AUDIT

1.     This action is brought and maintained in accordance with the provisions of the Labor Management Relations Act, as amended, 29 U.S.C. 185(a), and the Employee Retirement

Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, as amended, in particular 29 U.S.C. § 1132(a) (Section 502(a) of ERISA).

2. The Plaintiffs, CENTRAL LABORERS' PENSION FUND *et al.*, are employee benefit plans administered pursuant to the terms and provisions of the Agreements and Declarations of Trust creating said Funds and are required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and the Employee Retirement Income Security Act of 1974 (as amended), 29 U.S.C. §1001 *et seq.* The Plaintiff Central Laborers' Pension Fund is the collection agent for and authorized to act on behalf of the other named Plaintiffs, which are either employee benefit funds, labor organizations, and/or funds established pursuant to collective bargaining agreements between Laborers' International Union of North America ("Union") and certain employer associations whose employees are covered by the collective bargaining agreements with the Union, to collect employer contributions and other amounts owed to these Plaintiffs.

3. Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action. (*See* 29 U.S.C. §1132).

4. Venue is proper in this action in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered. (*See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

5. Plaintiff Central Laborers' Pension Fund's plan is administered in Morgan County, Illinois at the address of is 201 N. Main Street, Jacksonville, Illinois 62651, which is located within the venue of the District Court for the Central District of Illinois.

6. The Defendant's address is Peoria, Illinois 61615.

7. The Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. §§1002 (5), (11), (12) and (14). Defendant employs individuals who are members of, and represented by Laborers' International Union of North America.

8. Defendant employs individuals who are participants in the employee benefit funds administered by Plaintiff Central Laborers' Pension Fund and other named Plaintiff trust funds pursuant to several Memorandum of Agreements, Participation Agreements, and a Heavy Highway Agreement to which Defendant is a party or otherwise bound (the "labor agreements").

9. A copy of the Memorandum of Agreements is attached hereto as **Exhibit A**, and fully incorporated herein and made a part hereof by this reference.

10. A copy of the Participation Agreements is attached hereto as **Exhibit B**, and fully incorporated herein and made a part hereof by this reference.

11. A copy of the Heavy Highway Agreement is attached hereto as **Exhibit C**, and fully incorporated herein and made a part hereof by this reference.

12. The labor agreements bind the Defendant to the provisions of the Plaintiffs' respective trust agreements. The Plaintiff's Agreements and Declarations of Trust, in pertinent part, are attached hereto as **Exhibits D and E** and fully incorporated herein and made a part hereof by this reference.

13. Pursuant to the labor agreements and the trust agreements, the Defendant is required to report hours worked by its employees and make prompt payment of the contributions and other amounts required under the labor agreements to Plaintiffs.

14. Defendant employed individuals during the time period of January 1, 2009, through the present who have performed hours of work under the labor agreements for which contributions are owed to Plaintiffs.

15. Pursuant to the labor agreements and trust agreements, the Plaintiffs have the right to examine the payroll books and records of the Defendant in order to determine whether the Defendant is making full and proper payments as required under the labor agreements.

16. Pursuant to the labor agreements and trust agreements, Plaintiffs engaged Romolo & Associates to examine the payroll records of the Defendant.

17. Romolo & Associates made numerous attempts to contact the Defendant in order to examine the payroll records of the Defendant, however the Defendant refused to schedule an audit with Romolo & Associates.

18. That Plaintiffs made demands upon the Defendant to schedule an audit for the period from January 1, 2015, to the present, but Defendant has refused to provide Plaintiffs or Romolo & Associates with its payroll and other business records for purposes of an audit.

19. Defendant owes Plaintiffs contributions for all unreported and unpaid hours of work performed by its employees for the time period of January 1, 2015, to present.

20. Pursuant to the terms of the labor agreements and trust agreements, Defendant owes Plaintiffs liquidated damages equal to 10% of the amount of contributions that are not paid timely.

21. Defendant breached the provisions of the labor agreements and trust agreements by refusing to provide Plaintiffs with its payroll and other business records for purposes of an audit.

22. Pursuant to the terms of the labor agreements and trust agreements, the Defendant is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by Plaintiffs in the collection of delinquent contributions.

23. Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of Plaintiffs in this matter, the Court shall award Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorneys' fees. More specifically, §1132(g)(2) of ERISA provides as follows:

(g) Attorney's fees and costs; awards in actions involving delinquent contributions

\* \* \*

(2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of –

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

(*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiffs pray as follows:

A. That judgment is entered in favor of Plaintiffs, CENTRAL LABORERS' PENSION FUNDS *et al.,* and against DURDEL & SONS LANDSCAPING & TREE SERVICE, INC., for all fringe benefit contributions, interest and liquidated damages owed to the Plaintiffs for

the time period of January 1, 2015, through a future date including without limitation the ending date of any payroll compliance audit;

  B. That DURDEL & SONS LANDSCAPING & TREE SERVICE, INC., is ordered to provide and/or make available to Plaintiffs or its auditor, all payroll and other business records of DURDEL & SONS LANDSCAPING & TREE SERVICE, INC., for the time period of January 1, 2015, through a future date determined by Plaintiffs or its auditor, in order for Plaintiffs to determine the fringe benefit contributions and other sums owed by DURDEL & SONS LANDSCAPING & TREE SERVICE, INC., to Plaintiffs;

  C. That Plaintiffs are granted leave of Court to file supplemental proofs establishing the judgment sum for contributions determined to be due and owing for the time period of January 1, 2015, through a future date to be determined by the payroll audit, as well as for the liquidated dames, interest, audit costs, attorney's fees and costs to which Plaintiffs are entitled to pursuant to the trust agreements and ERISA;

  D. That DURDEL & SONS LANDSCAPING & TREE SERVICE, INC., is ordered to pay to the Plaintiffs their reasonable attorney's fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

  E. That DURDEL & SONS LANDSCAPING & TREE SERVICE, INC., is required to perform and continue to perform all its obligations to the Plaintiffs under the labor agreements and trust agreements; including without limitation, continuing to furnish to the Plaintiffs the required contribution reports with payment for contributions owed for subsequent months going forward, or when applicable, a report for any reporting period stating that no contributions are owed to Plaintiffs;

F. That Defendant be decreed to pay all costs attendant to any audit of Defendant's payroll books and records pursuant to the respective Agreements and Declarations of Trust of the Plaintiffs;

G. That Plaintiffs be awarded, at Defendants' costs, such further and other relief as may be available under ERISA, the labor agreements, the trust agreements or as is otherwise just and equitable.

    Respectfully submitted,

    CENTRAL LABORERS' PENSION FUND, *et al.*,
    Plaintiffs,

By:   s/ Jacob A. Blickhan
    JACOB A. BLICKHAN
    CAVANAGH & O'HARA LLP
    Attorneys for Plaintiffs
    2319 W. Jefferson Street
    Springfield, IL 62702
    Telephone (217) 544-1771
    Facsimile (217) 544-9894
    jacobblickhan@cavanagh-ohara.com