IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' WELFARE FUND, CENTRAL LABORERS' ANNUITY FUND, ILLINOIS LABORERS' & CONTRACTORS TRAINING PROGRAM, MIDWEST REGION FOUNDATION FOR FAIR CONTRACTING, ILLINOIS VALLEY LABOR MANAGEMENT, LABORERS-EMPLOYERS COOPERATION & EDUCATION TRUST, LABORERS' LOCAL 165, LABORERS' LOCAL 165 BUILDING FUND, NORTH CENTRAL ILLINOIS LABORERS HEALTH & WELFARE FUND, LABORERS' OF ILLINOIS VACATION FUND, LABORERS LOCAL 393, ILLINOIS LABORERS' LEGISLATIVE COMMITTEE AND MIDWEST REGION ORGANIZING COMMITTEE, <br><br> Plaintiffs, <br><br> vs. <br><br> DURDEL & SONS LANDSCAPING & TREE SERVICE, INC., <br><br> Defendant. | No. 20-cv-3182-SEM-EIL |

**COMBINED MOTION FOR DEFAULT JUDGMENT AND**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

NOW COME the Plaintiffs, CENTRAL LABORERS' PENSION FUND *et al*, by their attorneys, Cavanagh & O'Hara LLP, and for their Combined Motion and Memorandum for Default Judgment against the Defendant, DURDEL & SONS LANDSCAPING & TREE SERVICE, INC., state as follows:

1. Plaintiffs filed their Complaint in this matter on July 22, 2020. (d/e 1)

2. Plaintiffs filed their Amended Complaint in this matter on January 6, 2021. (d/e 5).

3. Defendant, DURDEL & SONS LANDSCAPING & TREE SERVICE, INC., was served with Summons and a copy of the Complaint on May 13, 2021. (d/e 8).

4. Defendant, DURDEL & SONS LANDSCAPING & TREE SERVICE, INC., was required to appear, plead, or otherwise defend this action by June 2, 2021.

5. Defendant, DURDEL & SONS LANDSCAPING & TREE SERVICE, INC., failed to appear, plead or otherwise defend this action within the statutory time limits or as of the date of this filing.

6. Plaintiffs filed an Application for Entry of Default on June 17, 2021. (d/e 10).

7. On June 21, 2021, the Honorable Eric I. Long granted Plaintiff's Application for Default and an Entry of Default was entered on the same date. (Text Order and Entry of Default dated June 21, 2021).

8. Upon default, the well-pleaded factual allegations of the Amended Complaint relating to liability are deemed admitted, and a plaintiff is not required to further establish, and a defendant has no further standing to contest, a plaintiff's right to recover. *In re Uranium Antitrust Litigation,* 473 F.Supp. 382, 391 (N.D. Ill. 1979); *see also Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983); *see also Brown v. Kenron Aluminum and Glass Corp.,* 477 F.2d 526, 531 (8th Cir. 1973).

9. As set forth in the Amended Complaint, Defendant is an "Employer" engaged in an industry within the meaning of §1002 (5), (11), (12) and (14) of ERISA. (d/e 5, p. 3, para. 7).

10. Defendant is bound by the provisions of a collective bargaining agreement. (d/e 5, p. 3, para. 9-11; Exhibit A-C to the Amended Complaint).

11. The collective bargaining agreement binds the Defendant to the Plaintiffs' Trust Agreements. (d/e 5, p. 3, para 12; Exhibits D and E to the Amended Complaint).

12. Pursuant to the collective bargaining agreements and trust agreements, Plaintiffs have the right to examine the payroll books and records of the Defendant to determine whether the Defendant is paying Plaintiffs all required contributions under the collective bargaining agreements. (d/e 5, p. 4, para. 15).

13. Initially, Defendant refused to comply with Plaintiffs' demand for an audit pursuant to the collective bargaining agreements and trust agreements. By refusing to comply with Plaintiffs' demand for an audit, Defendant breached the relevant provisions of the collective bargaining agreements and trust agreements requiring Defendant to provide the Plaintiffs with payroll books and records for the purposes of an audit. (d/e 5, p. 4, para 17).

14. After the first Complaint was filed, Defendant complied with a payroll examination. The payroll examination conducted by Romolo & Associates showed that Defendant owes Plaintiffs $4,108.89 for the time period from January 1, 2015 through July 31, 2020. (d/e 5, p. 4, para 18; Exhibit F to the Amended Complaint; the audit is also attached hereto as Exhibit 1).

15. Pursuant to the terms of the collective bargaining agreements and trust agreements, Defendant owes Plaintiffs liquidated damages equal to 10% of the amount of contributions that are not paid timely. (d/e 5, p. 4, para. 19).

16. Therefore, Defendant owes Plaintiffs liquidated damages of $410.89 for failure to timely remit the contributions shown due in the audit report. (d/e 5, p. 4, para 20).

17. Moreover, pursuant to Plaintiff's Trust Agreement, Defendant owes Plaintiffs' audit costs. (d/e 5, p. 4, para. 21).

18. Therefore, Defendant owes Plaintiffs' audit costs in the amount of $1,131.25. (d/e 5, p. 4, para 21; Exhibit G to the Amended Complaint; a copy of the invoice from Romolo & Associates is also attached hereto as Exhibit 2).

19. Pursuant to Plaintiffs' Trust Agreement and §1132(g)(2) of ERISA, if judgement is entered in favor of Plaintiffs, the Defendant is liable to Plaintiffs for reasonable attorneys' fees, court costs, liquidated damages, interest, and other collection costs. (d/e 5, p. 4-5, para. 22-23; see also, 29 U.S.C. §1132(g)(2)).

20. Plaintiffs have incurred $3,925.75 in attorney fees and $543.80 in costs in prosecuting this matter. (See Exhibit 3 attached hereto and incorporated herein for an attorney fee affidavit).

21. Normally, the allegations relating to the amount of damages are not ordinarily taken as true upon default. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983). Rather, the Court can conduct an evidentiary hearing in order "ascertain the amount of damages with reasonable certainty." *In re Catt,* 368 F.3d 789, 793 (7th Cir. 2004) *citing Credit Lyonnais Securities (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2nd Cir. 1999). However, an evidentiary hearing is not necessary if the Court can determine the proper amount of damages based upon "definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.,* 722 F.2d 1319, 1323 (7th Cir. 1983); *see also, U.S. v. DeFrantz,* 708 F.2d 310, 312 (7th Cir. 1983) (holding that an evidentiary hearing on damages after an entry of default is not necessary where the motion for default judgement specifies the amount of damages that plaintiffs were claiming).

22. In this case, the Defendant's liability has been established by its failure to respond to the allegations contained in Plaintiff's Amended Complaint. Plaintiffs have the "definite figures" needed by the Court to determine the proper amount of damages. The audit report generated by Romolo & Associates shows the contributions owed to the Plaintiffs $4,108.89. (Exhibit 1). Moreover, the trust document establishes that liquidated damages, attorney's fees,

audit costs and costs are recoverable when said contributions are not remitted timely, and the trust document sets forth the means for determining said liquidated damages which is 10% of the contributions not paid timely. Therefore, Defendant owes $410.89 of liquidated damages. The invoice from Romolo & Associates establishes the audit costs of $1,131.25. (Exhibit 2). Lastly, the attorney fee affidavit attached as Exhibit 3 establishes the attorney fees and costs incurred in this matter. Consequently, there is not a need for an evidentiary hearing on damages.

WHEREFORE, the Plaintiffs, CENTRAL LABORERS' PENSION FUND *et al,* pray this Court enter a Default Judgement pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure in favor of Plaintiffs and against Defendant, as follows:

A.   That judgement be entered in favor of Plaintiffs, CENTRAL LABORERS' PENSION FUND *et al,* and against Defendant, DURDEL & SONS LANDSCAPING & TREE SERVICE, INC., in the amount of $5,651.03, compromised of delinquent contributions of $4,108.89, liquidated damages of $410.89, and audit costs of $1,131.25.

B.   That Defendant, DURDEL & SONS LANDSCAPING & TREE SERVICE, INC., be ordered to pay $3,925.75 in reasonable attorney's fees and $543.80 in costs to Plaintiffs as authorized by ERISA (29 U.S.C. §1132(g)(2)) and Plaintiffs' Trust Agreements.

C.   The Plaintiffs be awarded post-judgement attorneys' fees and costs incurred in connection with this case until all terms of the Default Judgement are fully executed; and

D.   That Plaintiffs be awarded, at Defendant's cost, such further and other relief as may be available under ERISA, the applicable Trust Agreements, or as is otherwise deemed just and equitable by the Court.

Respectfully Submitted,

CENTRAL LABORERS' PENSION FUND, *et al*.,
Plaintiffs,

By: s/ Jacob A. Blickhan
JACOB A. BLICKHAN
CAVANAGH & O'HARA LLP
Attorneys for Plaintiffs
2319 West Jefferson
Springfield, IL 62702
Telephone (217) 544-1771
Facsimile (217) 544-9894
jacobblickhan@cavanagh-ohara.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system on , 2021, and the undersigned hereby certifies that a copy of the foregoing document was served upon each of the addressees hereinafter set forth by enclosing the same in an envelope plainly addressed to each of said addressees affixing first-class postage thereto and depositing the same with the United States Mail at Springfield, Illinois on the day of 2021:

Stephen D. Durdel, Registered Agent
1726 N. Prichard Rd.
Peoria, IL 61615

By: s/ Jacob A. Blickhan
JACOB A. BLICKHAN
CAVANAGH & O'HARA LLP
Attorneys for Plaintiffs
2319 West Jefferson
Springfield, IL 62702
Telephone (217) 544-1771
Facsimile (217) 544-9894
jacobblickhan@cavanagh-ohara.com