IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' WELFARE FUND, CENTRAL LABORERS' ANNUITY FUND, ILLINOIS LABORERS' & CONTRACTORS TRAINING PROGRAM, MIDWEST REGION FOUNDATION FOR FAIR CONTRACTING, ILLINOIS VALLEY LABOR MANAGEMENT, LABORERS-EMPLOYERS COOPERATION & EDUCATION TRUST, LABORERS' LOCAL 165, LABORERS' LOCAL 165 BUILDING FUND, NORTH CENTRAL ILLINOIS LABORERS HEALTH & WELFARE FUND, LABORERS' OF ILLINOIS VACATION FUND, LABORERS LOCAL 393, ILLINOIS LABORERS' LEGISLATIVE COMMITTEE AND MIDWEST REGION ORGANIZING COMMITTEE,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>DURDEL & SONS LANDSCAPING & TREE SERVICE, INC.,<br><br>　　Defendant. | No. 20-cv-3182 |

### ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause comes before the Court on Plaintiffs' Combined

Motion for Default Judgment and Memorandum of Law in Support

Page **1** of **4**

of Motion for Default Judgment (d/e 11) (Motion for Default Judgment). The Motion for Default Judgment is GRANTED.

On July 22, 2020, Plaintiffs filed a Complaint and on January 6, 2021 filed an Amended Complaint pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* and the Labor Management Relations Act of 1947, 29 U.S.C. 185(a) against Defendant Durdel & Sons Landscaping & Tree Service, Inc. Plaintiffs alleged that Defendant breached the provisions of the collective bargaining agreements and trust agreements by failing to properly and timely pay contributions and other amounts in accordance with said collective bargaining agreements and trust agreements. On May 13, 2021, Defendant was served with the summons and Amended Complaint (d/e 9).

On June 17, 2021, Plaintiffs filed a Motion for Entry of Default (d/e 10). United States Magistrate Judge Eric I. Long allowed the motion and an entry of default was made. See Text Order dated June 21, 2021. On July 12, 2021, Plaintiffs filed the Motion for Default Judgment (d/e 11) that is now before the Court.

The Court finds that Defendant has failed to appear, plead to, or otherwise defend the Amended Complaint filed herein within the

time period prescribed by the Federal Rules of Civil Procedure and Local Rules. The Court also finds that an evidentiary hearing on the amount of damages is unnecessary because Plaintiffs have specified the amount of damages they seek, and Plaintiffs have substantiated the amounts in the documentary evidence and affidavits attached to the Motion for Default Judgment. See <u>Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.</u>, 722 F.2d 1319, 1323 (7th Cir. 1983).

**IT IS HEREBY ORDERED THAT** default judgment is granted in favor of Plaintiffs and against Defendant as follows:

1. The Clerk is DIRECTED to enter judgment in favor of Plaintiffs and against Defendant in the total amount of $10,120.58, compromised of delinquent contributions of $4,108.89, liquidated damages of $410.89, audit costs of $1,131.25, reasonable attorney's fees of $3,925.75, and costs of $543.80.; and

2. Plaintiffs are granted leave to move for their reasonable, post-judgment attorney's fees and costs that are incurred in enforcing the Judgment.

3. This case is CLOSED.

**ENTERED: July 29, 2021**

**FOR THE COURT:**

*s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE**